IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| ETHEL MAE DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 3:05cv1229-MHT |
| | ) | (WO) |
| OCWEN FEDERAL BANK, FSB, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Plaintiff Ethel Mae Davis initially filed this
lawsuit in state court charging defendants Ocwen Federal
Bank, FSB, and Family Financial Services, LLC, and
several other defendants with state-law claims for fraud,
misrepresentation, concealment, negligence, conversion,
and defamation in connection with a mortgage she
obtained.  Pursuant to 28 U.S.C.A. §§ 1441 and 1452,
Ocwen Federal removed this lawsuit from state to federal
court.  This matter is now before the court on Davis's
motion to remand and Ocwen Federal's motion to stay.

Davis's motion will be granted, and Ocwen Federal's motion denied.

## I. REMAND STANDARD

Federal courts are courts of limited jurisdiction and may hear a case only if authorized to do so by federal law. <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994). The party seeking removal has the burden of establishing it, <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994), and the removal statute must be strictly construed because it raises significant federalism concerns, <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108-09 (1941). All doubts about federal-court jurisdiction should be resolved in favor of a remand to state court. <u>Burns</u>, 31 F.3d at 1095.

## II. BACKGROUND

In her state-court complaint, filed June 8, 2004, Davis alleged that she executed a note and mortgage that

was originated and closed by Family Financial and another defendant,[1] and that the defendants, including Ocwen Federal,[2] improperly charged Davis fees and penalties, improperly initiated foreclosure proceedings, improperly reported the incorrect loan status to credit agencies, and improperly initiated collection proceedings.[3]

On September 15, 2004, Davis filed for Chapter 13 bankruptcy protection.[4] The arrearages and fees at issue in this litigation were listed as a debt in Davis's proposed bankruptcy plan,[5] and the lawsuit against Ocwen Federal was an asset of the bankruptcy estate.[6] The

---

1. All defendants besides Ocwen Federal and Family Financial have since settled the claims against them or been dismissed as defendants.

2. Ocwen Federal services the mortgage that underlies this litigation.

3. Notice of Removal (Doc. No. 5), Ex. A, Complaint.

4. Brief in support of motion to remand (Doc. No. 14), Ex. F, Voluntary petition.

5. Brief in opposition to motion to remand (Doc. No. 13), Ex. 3, Chapter 13 summary plan.

6. Based on the state of the record, which does not
(continued...)

bankruptcy court approved Davis's Chapter 13 plan in an order dated December 3, 2004.[7]

On September 23, 2004, defendants removed the case to federal court, claiming that Family Financial was fraudulently included as a party to defeat diversity jurisdiction.  In her motion to remand, Davis contended that Family Financial had colluded with the other defendants to wrongfully obtain money from her.  On January 24, 2005, this court remanded the case to state court for want of subject-matter jurisdiction, concluding that Family Financial was not fraudulently joined as a party.  <u>See</u> <u>Davis v. Ocwen Federal Bank, FSB</u>, No.

_____

6.(...continued)
include Davis's schedule of assets from her bankruptcy petition, the court cannot determine if the claim was listed as an asset prior to plan confirmation.  However, it is clear from the record that the lawsuit was listed as an asset by at least August 5, 2005, when Davis sought the bankruptcy court's approval of the settlement of the claims against several defendants.  <u>See</u> Brief in opposition to motion to remand (Doc. No. 13), Exs. 5 & 6, Applications for approval of tentative settlement and distribution of proceeds.

7. Brief in opposition to motion to remand (Doc. No. 13), Ex. 3, Order confirming Chapter 13 plan.

4

3:04cv902-T, slip. op. (M.D. Ala. January 24, 2005)
(Thompson, J.).

In the course of discovery, Ocwen Federal produced
two documents on February 18, 2005: a copy of a mortgage
note with Nations Credit, which was dated September 12,
1997, and a copy of a mortgage note with the Credit
Outlet, dated August 10, 1998.[8]  On April 25, 2005, Davis
produced a copy of the Nations Credit note.[9]

On December 13, 2005, Ocwen Federal took Davis's
deposition.  At the deposition, Davis acknowledged that
she had taken out two separate mortgages on her property
and stated that Family Financial was involved in
originating the first mortgage, not the second loan,
which is the loan serviced by Ocwen Federal and the
subject of this litigation.  At her deposition, Davis
also acknowledged that the claims at issue in this

---

8. Brief in support of motion to remand (Doc. No.
14), Ex. C, Defendant's discovery response.

9. Brief in support of motion to remand (Doc. No.
14), Ex. D, Plaintiff's discovery response.

litigation are a part of her Chapter 13 bankruptcy estate.[10]

On December 27, 2005, Ocwen Federal filed a notice of removal, thereby removing this case for a second time, contending that the information obtained during Davis's deposition demonstrated that this court did in fact possess subject-matter jurisdiction.   On December 29, 2005, Ocwen Federal filed a motion to stay this court's ruling pending the outcome of a motion to transfer this case to a multi-district litigation panel.   On December 30, 2005, Davis filed a motion to remand the case back to state court.   It is the court's understanding that this matter is currently set for trial in state court on February 6, 2006.

### III. DISCUSSION

Ocwen Federal advances several grounds for 're-removal' of this case to federal court: (1) newly

_____

10. Brief in opposition to motion to remand (Doc. No. 13), Ex. 1, Deposition of Ethel Mae Davis.

6

discovered evidence of complete diversity of the parties;
(2) newly discovered evidence of federal bankruptcy
jurisdiction; and (3) exclusive federal jurisdiction
because these claims are barred from being pursued in
state court by the doctrine of res judicata.[11]


### A. Diversity Jurisdiction

Ocwen Federal contends that Davis's deposition
testimony proves that Family Financial was fraudulently
joined, which would make the parties completely diverse.

---

11. Ocwen Federal also urges that court at least stay
its ruling until the judicial panel on multi-district
litigation ("MDL") decides whether this case should be
referred to an MDL court.  Ocwen Federal contends that
this case is nearly identical to other cases that have
been sent to the MDL court, so it would serve judicial
efficiency to send this case to the MDL court.

Although the cases may share similar questions of
fact, nothing in Ocwen Federal's filings indicates that
those cases present the same jurisdictional issues
presented here.  Because this court can readily dispense
with those legal questions, it better serves judicial
efficiency not to burden the MDL panel with Ocwen
Federal's arguments for removal, which lack merit.
Moreover, since this case is set for trial next month in
state court, it hardly is efficient to make the parties
start again in the MDL proceedings.

Subject-matter jurisdiction would therefore be proper under 28 U.S.C.A. § 1332, and removal proper under 28 U.S.C.A. § 1441. Even assuming that Davis's testimony proves that Family Financial was fraudulently joined, Ocwen Federal's argument still fails.

Under 28 U.S.C.A. § 1446(b), "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than one year after commencement of the action." This court has previously concluded that the one-year time limit is absolute and not subject to exception. Russaw v. Voyager Life Insurance Co., 921 F. Supp. 723, 724-25 (M.D. Ala. 1996) (Thompson, J.) (noting that the statute contains no exceptions and that Congress added the one-year limit to avoid substantial delay and disruption of cases in state court that are nearing trial). The Eleventh Circuit Court of Appeals has reached the same conclusion in dicta. Burns v. Windsor Insurance Co., 31 F.3d 1092, 1097 n.12 (11th Cir. 1994) (noting that Congress recognized that the one-year limit

8

might allow some plaintiffs to fraudulently avoid diversity jurisdiction yet accepted that consequence). Thus, under <u>Russaw</u>, removal is barred here because the case was filed more than a year ago.

Section 1446(b) also provides that if a case was not originally removable, a defendant may remove it within 30 days of obtaining pleadings or "other paper from which it may first be ascertained that the case is one which is or has become removable."  Ocwen Federal asserts that it learned for the first time at Davis's December 2005 deposition that she had two mortgages and that the mortgage at issue in this litigation was not originated by Family Financial.  It further maintains that it could not have discovered that Davis had two mortgages prior to the deposition because all relevant documents were in Davis's exclusive possession.

The record belies this contention.  On February 18, 2005, Ocwen Federal produced in discovery documents relating to Davis's mortgage, including copies of the

Mortgage Outlet note and the Nations Credit note.   Thus,
Ocwen Federal clearly had in its possession, as early as
February 18, 2005, copies of two different mortgage
notes.   Ocwen Federal therefore could have "first ...
ascertained [that the case had] become removable," 28
U.S.C.A. § 1446(b), at that time because it possessed
documents that showed Family Financial was involved with
a mortgage different from that at issue here and thus was
not a proper party.   Ocwen Federal has therefore failed
to satisfy the 30-day time limit as well.

      Since this court decided Russaw, however, the Fifth
Circuit Court of Appeals has held that the one-year limit
is subject to equitable exceptions.   See Tedford v.
Warner-Lambert Co., 327 F.3d 423 (5th Cir. 2003).   Ocwen
Federal asks this court to abandon its holding in Russaw,
adopt the Fifth Circuit rule, and extend that rule to 30-
day time limit.   In the alternative, Ocwen Federal asks
the court to certify the question to the court of
appeals.

10

Neither course is necessary.  Even if the one-year
and 30-day deadlines are subject to equitable exceptions,
the equities favor remand here because Ocwen Federal
could have met both deadlines through due diligence.  In
her deposition, Davis testified that she had two
mortgages and that Family Financial originated the first
loan.  Assuming that this proves that Family Financial
was fraudulently joined, Ocwen Federal could and should
have discovered that Davis had two loans and Family
Financial was not involved in the second by comparing the
two loan documents in its possession.[12]  Simply put, the

_____

12. In its reply brief, Ocwen Federal argues that the
two loan documents alone were not sufficient to prove
fraudulent joinder.  Essentially, Ocwen Federal contends
that only Davis's deposition testimony affirmatively
proves fraudulent joinder.  See Ocwen Federal's reply
brief (Doc. No. 19) at 6-7.

Davis's deposition is not the slam-dunk Ocwen Federal
thinks it is.  Davis admits that the Nations Credit note
is a distinct loan from the Mortgage Outlet note and that
Family Financial did not originate the Mortgage Outlet
loan, see Ocwen Federal's reply brief (Doc. No. 19), Ex.
1, Deposition of Ethel Mae Davis, p. 250.  But this is
precisely what the two separate loan documents prove.
Davis never testified that Family Financial was not
(continued...)

11

fact that Davis did not admit to having two mortgages until December 2005 does not change the fact that the documentary evidence made it quite clear, as of February 2005 at the latest, that two mortgages existed.

Given that this litigation is about mortgage notes and fees, one would expect counsel to scrutinize all documents relating to mortgages in its possession. In addition, it is somewhat disingenuous for Ocwen Federal to argue that Davis hid from it facts about a mortgage transaction that it was servicing. In short, even if the deadlines in § 1446(b) are subject to equitable

_____

12.(...continued)
involved in the second mortgage (even if she had, here testimony would be speculative and inadmissible).

Thus, Ocwen Federal makes the exact argument for fraudulent joinder now, based on Davis's deposition testimony that there were two loans, that it claims it could not have made based on the two loan documents, which proved there were two loans. Put another way, the argument they make now could have been made at least as early as February 2005, when they had two documents that proved that there were two loans.

exceptions, the court does not find equitable grounds upon which to relieve Ocwen Federal here.[13]

### B. Bankruptcy Jurisdiction

Ocwen Federal also contends that it learned for the first time at Davis's December 2005 deposition that this lawsuit was an asset in Davis's bankruptcy case. Accordingly, it contends it could not have learned that federal jurisdiction is proper under 28 U.S.C.A. § 1334, and removal proper under 28 U.S.C.A. § 1452, until that time.[14]

---

13. Thus, this court need not decide whether the one-year time limit or 30-day time limit are subject to equitable exceptions.  Under a strict interpretation or the Fifth Circuit's, Ocwen Federal still loses.  Because the resolution of this question does not affect the outcome and because the court has no doubts that the Eleventh Circuit will have another opportunity to decide this question in the future, certification of this question is not necessary.

14. Ocwen Federal contends that, although it was on notice that Davis had filed for bankruptcy after filing this lawsuit, it did not know that the lawsuit was part of the bankruptcy estate and potentially a core bankruptcy proceeding.  See Brief in opposition to motion
(continued...)

This argument must fail. It is well-settled that all pre-petition causes of action are property of the bankruptcy estate. See generally Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282 (11th Cir. 2002); 11 U.S.C.A. § 541(a)(1). Thus, it was a legal impossibility that this claim would not be part of Davis's bankruptcy estate; Davis's testimony was unnecessary, and in fact irrelevant, to that question because the statute and governing case law are clear.

Indeed, defense lawyers have used this precise issue as grounds for judicial estoppel against a plaintiff's claims. See e.g., Barger v. City of Cartersville, 348 F.3d 1289 (11th Cir. 2003) (upholding application of judicial estoppel to employment-discrimination claim where plaintiff filed an employment-discrimination lawsuit; filed for bankruptcy, in which he failed to disclose his lawsuit; and ultimately received a complete discharge of his debts in bankruptcy). Just as courts

_____

14.(...continued)
to remand (Doc. No. 13) at 3, 17.

expect debtors to know that unliquidated claims are assets of a bankruptcy estate, bankruptcy creditors should be expected to know the law. Defendants cannot have their cake, by penalizing plaintiffs who do not disclose unliquidated claims, and eat it too, by claiming ignorance that such claims are assets of the estate.

Ocwen Federal therefore should have been aware of this ground of federal jurisdiction as soon as it learned of Davis's bankruptcy petition.[15]   Davis's Chapter 13 plan, which mandated bi-weekly payments to Ocwen Federal to pay down the fees and arrearages disputed in this litigation, was confirmed on December 3, 2004.   In essence, Ocwen Federal sat on this potential ground for removal for over a year.

_____

15. Ocwen Federal's argument that Davis did not notify Ocwen Federal's litigation counsel that this claim was an asset of the bankruptcy estate is beside the point.   As long as Ocwen Federal's litigation counsel knew that Davis had filed for bankruptcy after filing this suit (which knowledge they admit, see Brief in opposition to motion to remand (Doc. No. 13) at 8), they were on notice, by virtue of the Bankruptcy Code and case law, that the claims were part of Davis's bankruptcy estate.

By its plain language, the 30-day requirement of § 1446(b) applies to cases removed under § 1452.  Thus, Ocwen Federal's failure to remove the case within 30 days of learning of Davis's bankruptcy petition prevents removal at this time.  Even assuming the 30-day bar is subject to equitable exceptions, the equities cut against Ocwen Federal here.  Ocwen Federal's failure to act within the 30-day window are attributable either to ignorance of the law or failure to timely act.  Neither explanation supports equitable relief.

In any event, § 1452(b) allows courts to remand cases removed under § 1334 (bankruptcy jurisdiction) on equitable grounds.  The court elects to remand the case to state court, as least to the extent Ocwen Federal relies on bankruptcy-removal jurisdiction, solely on the discretion afforded by this provision.  Ocwen Federal should have known of this ground for removal and acted much earlier than it did.  Allowing removal at this point would adversely affect Davis's trial in state court, and

16

it does not appear that there is any just reason why
Ocwen Federal should be allowed to remove so late in the
game in order to avoid a state court trial.   Balancing
the equities, a remand is appropriate pursuant to
§ 1452(b).


### C. Res Judicata

Ocwen Federal finally contends that Davis cannot
challenge the validity of the mortgage fees in state
court because a confirmed Chapter 13 bankruptcy plan
binds the debtor and each creditor.   See 11 U.S.C.A.
§ 1327(a).   According to Ocwen Federal, the doctrine of
res judicata, or claim preclusion,[16] therefore bars

---

16. Claim preclusion serves to bar re-litigation of
those matters which were or could have been litigated
as part of an earlier case. Courts, therefore, evaluate the
doctrine's applicability by reference to the following
four inquiries: (1) whether the prior judgment was
rendered by a court of competent jurisdiction; (2)
whether the prior judgment was final and on the merits;
(3) whether there exists an identity of both parties or
their privies; and (4) whether the causes of action are
identical.  Richardson v. Alabama State Bd. of Educ., 935
F.2d 1240, 1244 (11th Cir. 1991).   The causes of action
(continued...)

Davis's state lawsuit.   Ocwen Federal concludes that removal is proper because only a federal district court or a bankruptcy court may revisit the confirmation of Davis's Chapter 13 plan.

To be sure, courts have concluded that confirmed Chapter 13 plans have res judicata effect, see In re Bateman, 331 F.3d 821, 824, 825 n.4 (11th Cir. 2003), and that a motion to reconsider filed with the bankruptcy court is the proper way to dispute a claim's validity after confirmation.  See In re Bernard, 189 B.R. 1017, 1021 (Bankr. N.D. Ga. 1996) (Drake, J.).  However, Ocwen Federal's argument that the plan confirmation precludes Davis's state claims[17] and therefore confers federal

_____

16.(...continued)
are considered identical if the legal theories and claims arise out of the same nucleus of operative fact.  NAACF v. Hunt, 891 F.2d 1555, 1561 (11th Cir. 1990).

17. In fact, claim preclusion is probably not even appropriate here.   Claim preclusion is certainly appropriate when a party challenges a particular claim in the bankruptcy plan after the plan has been confirmed and had failed to raise that objection during the plan confirmation process.  However, this court has not found
(continued...)

<u>jurisdiction</u> is without merit because "claim preclusion by reason of a prior federal judgment is a defensive plea that provides no basis for removal under [28 U.S.C.A] § 1441(b)." <u>Rivet v. Regions Bank of Louisiana</u>, 522 U.S. 470, 478 (1998); <u>Transmouth Fin. Corp. v. Murray</u>, 311 B.R. 99, 105 (M.D. Ala. 2004) (Albritton, J.).  Thus, Ocwen Federal's § 1327 claim-preclusion argument may appropriately be brought in state court but cannot support removal to this court.

* * * *

---

17.(...continued)
a case where claim preclusion operated to bar a suit that was filed <u>before</u> the bankruptcy petition was filed and was included as <u>an asset</u> in the bankruptcy estate.

That is precisely what happened here: The bankruptcy court confirmed this lawsuit, which challenges Ocwen Federal's claim, as an asset of the estate.  It is illogical to conclude that the bankruptcy court conclusively determined that the fees and arrearages at issue here are proper when that court also confirmed this lawsuit, which claims those debts were fraudulently generated or otherwise invalid, to be an asset.  The bankruptcy court implicitly acknowledged that the creditor claims of Ocwen Federal were questionable.

19

For the foregoing reasons, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff Ethel Mae Davis's motion to remand (Doc. No. 8) is granted and that, pursuant to 28 U.S.C.A. §§ 1447 (c) and 1452(b), this cause is remanded to the Circuit Court of Macon County, Alabama.

It is further ORDERED that defendant Ocwen Federal Bank, FSB's motion to stay (Doc. No. 3) is denied.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

Done, this the 19th day of January, 2006.

_____/s/ Myron H. Thompson_____
UNITED STATES DISTRICT JUDGE